Matter of Miller v City of New York (2019 NY Slip Op 00558)





Matter of Miller v City of New York


2019 NY Slip Op 00558


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8225 100362/16

[*1]In re Adam Miller, Petitioner-Appellant,
v
The City of New York, et al., Respondents-Respondents.


Glass & Hogrogian LLP, New York (John Hogrogian of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jason Anton of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered February 9, 2017, which granted the cross motion of respondents The City of New York, New York City Department of Education, and Carmen Farina, Chancellor of New York City Department of Education (collectively, the DOE) to dismiss the petition to vacate the arbitrator's determination to terminate petitioner's employment as a teacher with the DOE, unanimously affirmed, without costs.
The arbitrator's determination that petitioner said, "I'm going to knife you," made gestures of using a knife, and threatened to "tear [a supervisor] apart" in litigation rested primarily on a credibility determination, which is "largely unreviewable" (Lackow v Department of Educ. [or "Board"] of City of N.Y., 51 AD3d 563, 568 [1st Dept 2008]). The arbitrator credited the supervisor's testimony because it was corroborated by, and consistent with, a contemporaneous email, a police report and an interview with a DOE investigator, in addition to the email and investigation report of the school principal, taken contemporaneously with the incident. The arbitrator reasonably found that petitioner's evidence, the DOE investigator's interviews of six students who were in respondent's classroom at the time of the December 9, 2014 incident, did not disclose whether the students heard the statements at issue or whether they had any significant memory of what happened.
Petitioner's failure to object to the admission of a 2013 stipulation of settlement of a prior investigation waives the issue of admissibility (see Community Counseling & Mediation Servs. v Chera, 115 AD3d 589, 590 [1st Dept 2014]), and in any event, there is no evidence that the arbitrator was influenced by the stipulation in the guilt determination.
Petitioner's history of insubordinate behavior, failure to respond to progressive discipline, and refusal to accept responsibility or recognize the gravity of his actions supported
the penalty of termination (see Leon v Department of Educ. of the City of N.Y., 115 AD3d 435, 436 [1st Dept 2014], lv denied 24 NY3d 903 [2014]). Accordingly, the penalty does not shock the conscience and justify vacatur (see Matter of Bolt v New York City Dept. Of Educ., 30 NY3d 1065, 1068 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK